**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| TYRONE M., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. CBD-17-3096 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
|    Acting Commissioner, | ) |
|    Social Security Administration | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

Tyrone M. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion and **DENIES** Commissioner's Motion, but **REVERSES** and **REMANDS** the Administrative Law Judge's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings.

**I.     Procedural Background**

On March 16, 2014, Plaintiff filed for DIB under Title II, alleging disability beginning February 20, 2014.  R. 22, 85-86, 98.  Plaintiff alleged disability due to "chronic kidney disease, chronic hepatitis C virus, hypercalcemia, hyper tension, benign prostatic hypertrophy (BPH), prostatitis (enlarged prostate), chronic fatigue, blur [sic] vision, chest pains and discomfort, and peripheral neuropathy."  R. 85, 97.  Plaintiff's claims were initially denied on September 9, 2014, and upon reconsideration on February 23, 2015.  R. 22, 94, 97-108.  An administrative hearing was held on September 26, 2016, R. 22, and on October 13, 2016, the claim was denied. R. 19-35.  Plaintiff sought review by the Appeals Council, which concluded on September 7, 2017, that there was no basis for granting the Request for Review.  R. 3-8.

**II.    Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the administrative law judge ("ALJ") "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."  *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'").  The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts.  *Hays*, 907 F.2d at 1456 (citations omitted).  If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012).  The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 404.1545(b)-(c) (2012). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. § 404.1545(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184 at *7

(S.S.A. July 2, 1996). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III.     Analysis

The ALJ evaluated Plaintiff's claim using the five-step sequential evaluation process. R. 22-35. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since February 20, 2014. R. 24. At step two, under 20 C.F.R. § 404.1520(c), the ALJ determined that Plaintiff has the following severe impairments: "degenerative disc disease of the cervical and lumbar spine, obesity aggravating the degenerative disc disease and hypertension." R. 25. The ALJ stated that these impairments were "'severe'" as they "impose more than a minimal restriction on [Plaintiff's] ability to perform basic work activities."[1] *Id.* In step three, the ALJ determined that Plaintiff "does not have an impairment or a combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526)." R. 29. At step four, the ALJ determined that Plaintiff has the RFC to:

> [P]erform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he can frequently reach in all directions, frequently handle, finger, can occasionally climb ramps or stairs, and never climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel, crouch, and never crawl. [Plaintiff] should never work in the presence of unprotected heights or hazardous machinery, and should not be required to operate a motor vehicle as part of the job duties.

R. 29. At step five, the ALJ determined that Plaintiff was able to perform his past relevant work as "a Chief Information Officer." R. 34. According to the ALJ, "[t]his work does not require the

---

[1] The ALJ also noted that Plaintiff was diagnosed with a variety of other impairments but that those impairments were "non-severe" for various reasons articulated in the ALJ's decision. R. 25-28.

performance of work-related activities precluded by [Plaintiff's RFC]." R. 34. The ALJ based her determination upon the testimony of the vocational expert ("VE"). R. 34.

On appeal, Plaintiff argues that the Court should enter judgment as a matter of law in his favor, or in the alternative, remand this matter to the Social Security Administration (S.S.A.) for a new administrative hearing, alleging a plethora of legal errors and ways in which the ALJ's decision was not based on substantial evidence. Mem. in Supp. of Pl.'s Mot. for Summary J. ("Pl's Mem.") 6-26. For the reasons set forth below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **REVERSE** the ALJ's decision, and **REMANDS** the matter for further proceedings.

### A. *The ALJ improperly evaluated medical opinions in evidence by failing to provide sufficient explanations for the weight afforded to them.*

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions in evidence as she failed to define the terms she used when describing the weight she afforded to the opinions. Pl.'s Mem. 10. Plaintiff asserts that the terms "little weight" and "partial weight" are undefined terms of uncertain meaning, which does not fulfill the ALJ's requirement to "explicitly indicate the weight given to relevant evidence." Pl.'s Mem. 10 (quoting *Hines v. Bowen*, 872 F.2d 56 (4th Cir. 1989)). Plaintiff also argues that Dr. Ramona Robinson's opinion should have been assigned controlling weight as Plaintiff's treating physician, and that the ALJ failed to provide an adequate explanation for why it was not. Pl.'s Mem. 11. Commissioner counters that the ALJ provided sufficient explanations for her decisions and that courts in this District have consistently upheld cases using the same or similar terms as those the ALJ used in her decision. Mem. in Supp. Of Comm'r Mot. for Summary J. ("Comm'r's Mem.") 5-6, 8 (citing cases).

An ALJ has a duty to explain her decision so as to enable meaningful judicial review. *See Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained the weight he has given to obviously probative exhibits." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984) (citing *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977)); *see also Murphy*, 810 F.2d at 437 (holding that an ALJ failed to "explicitly indicate" the weight he afforded two medical opinions when he failed to provide the reasons for why he credited one doctor's opinion over another doctor's conflicting opinion); *Durham v. Apfel*, 225 F.3d 653, 2000 WL 1033060, at *5 (4th Cir. 2000) (*per curiam*) (citing *Gordon*, 725 F.2d at 236) (stating an ALJ must "analyze[] all evidence and [ ] sufficiently explain[ ] the weight he has given to obviously probative exhibits" or it prevents judicial review). "[T]he ALJ is required to give 'controlling weight' to opinions proffered by a claimant's treating physician so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (citing to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)); *see also Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016) (same). However, an ALJ is not bound by these findings. *Sharp*, 660 F. App'x at 256 (citing 20 C.F.R. § 404.1527(d)(1)). An ALJ can assign a lesser degree of weight to a treating physician's medical opinion but must provide an explanation for this decision and support it with evidence in the record. *See Lewis*, 858 F.3d at 867-68 (finding the ALJ's rejection of the treating physician's opinion as "perfunctory" as his explanation "span[ned] only four lines and overlook[ed] critical aspects of [the plaintiff's] medical treatment history").

In the instant case, the record evidence included the opinions of Dr. Robinson, a physician who has been treating Plaintiff for several years, and state agency medical consultant examiners ("CEs"). R. 33. In her decision, the ALJ accorded "little weight" to Dr. Robinson's opinions "as they are not consistent with her treatment records, including her continued recommendations for moderate exercise and conservative treatment." R. 33. The ALJ then assigned "partial weight" to the CEs because while they supported a finding of "not disabled," they "did not adequately consider the claimant's subjective complaints." R. 33. Commissioner is correct that this Court has not found the use of terms such as "little" or "some" to be *per se* insufficient so long as there is some explanation given by the ALJ as to how or why he assigned that degree of weight. *See, e.g.*, *Lacek v. Colvin*, Civ. A. No. CBD-13-2046, 2014 WL 2865992, at *7 (D. Md. June 23, 2014) (holding the "glaring lack of substance and weighing of the opinion evidence" left the court "without an adequate understanding of how the ALJ reached essential decisions" where the ALJ's decision only assigned weight to three out of the seventeen opinions in the record, "and for those three opinions he merely stated that he gave them 'some' or 'very minimal' weight"). Additionally, the explanation that a medical opinion is not consistent with the proffer's own treatment records has previously been found to be a sufficient explanation for according the opinion less than controlling weight. *See Sharp*, 660 F. App'x at 257 (finding the ALJ's reasoning that "the claimant's reported limitations were not supported by [the physician's] office notes" was a sufficient explanation for the assignment of "little weight"). However, the treatment records cited in this matter present an entirely different problem for judicial review: they are incomplete. A review of Dr. Robinson's treatment records reveals that three of Dr. Robinson's examination reports are missing half of their pages. *See* R. 773-81. Further, these missing pages prevent meaningful review of the ALJ's reasoning for giving her opinion so little

weight.  For example, one report dated February 29, 2016, appears to be a six-page report but only includes pages 1, 3, and 5.  R. 773-75.  At the very bottom of page 5 of the report is a section entitled "Plan" that recommends Plaintiff engage in "Light and Moderate exercise."  R. 775.  However, without the entire report there is no way for the Court to know if there was an additional section for "Patient Instruction," as were included in some prior medical reports.[2]  As the ALJ specifically cited to the treatment records and relied upon them when assigning little weight to Dr. Robinson's determination that Plaintiff "can't sit, stand or walk for prolonged periods, can't lift over 10 pounds," R. 796, failure to provide those records in their entirety prevents this Court from reviewing the ALJ's decision.  *See Quinones o/b/o Y.M. v. Comm'r of Soc. Sec.*, Civ. No. SAG-17-629, 2018 WL 2739940, at *1 (D. Md. Apr. 18, 2018) (remanding a case in part based upon an ALJ's failure to consider a complete record where his determination of a claimant's functional limitations relied on the findings in an eight-page form, but the record only contained the first two pages).  Accordingly, remand is warranted for this issue.

    As for the ALJ's decision to assign partial weight to the CEs' opinions, the explanation provided leaves too much for the Court to fill in.  First, crediting or discrediting something based on the fact it comports with your determination of disability is putting the cart before the horse.  *Cf. Sharp*, 660 F. App'x at 257 (holding "the regulations do not allow an ALJ to consider whether a treating physician's opinion is consistent with the ALJ's [RFC] when determining what weight to accord that physician's opinion").  While the ALJ also stated that the CEs' opinions "did not adequately consider the claimant's subjective complaints," she did not provide any explanation as to how the CEs' opinions failed in this regard.  R. 33.  It is the ALJ's

---

[2] For example, Dr. Robinson's examination report dated July 24, 2014, includes after "Plan" a section entitled "Patient Instruction" that directs Plaintiff to "[a]pply heat to back, rest, no lifting or prolonged standing or walking."  R. 653.

9

responsibility, and not the Court's, "to 'build an accurate and logical bridge from the evidence to his conclusion'. . . ." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). Accordingly, remand is warranted for this issue as well. Upon remand, the ALJ is ordered to ensure that all pages of every report are included in the record transcript and that her explanations for the weight she assigns to an opinion include citations to specific pages in the record and detailed reasoning for why that evidence supports her conclusions.

### B. The ALJ failed to properly evaluate non-medical opinions submitted by Plaintiff's family in support of his claim.

Plaintiff argues that the ALJ imposed the improper standard when she determined the letters Plaintiff's family submitted on his behalf were of "little evidentiary value." Pl.'s Mem. 15. According to Plaintiff, the ALJ was required to provide a sufficient explanation for why she was rejecting the letters as evidence but that she failed do so in this case. Pl.'s Mem. 11. Commissioner counters that the ALJ not only provided a sufficient explanation for her decision, her rejection of the family members' letters as evidence was supported by objective medical evidence in the record that contradicted their assertions. Comm'r's Mem. 7-8.

The ALJ must consider all relevant evidence received when determining whether a claimant is disabled. 20 C.F.R. § 404.1527(b). Relevant evidence includes "any information or statement(s) from a nonmedical source (including [the claimant]) about any issue in [his] claim." 20 C.F.R. § 404.1513(a)(4). Some examples of non-medical sources include educational personnel and family members and other caregivers. SSR 06-03p, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). The ALJ may rely on the opinions of acceptable medical sources to establish the existence of a medically-determinable impairment and may only rely on acceptable medical sources to provide medical opinions. SSR 06-03p at *2; *see also* 20 C.F.R. § 404.1527(a)(1). However, he may use evidence from other sources to evaluate the severity of

10

the claimant's impairments and to determine how the claimant's impairments affect his functional abilities. SSR 06-03p, at *2. The ALJ is required to consider evidence from "other sources" when evaluating an "acceptable medical source's opinion" under 20 C.F.R. § 404.1527. *Id.* at *4. As previously discussed, an ALJ has a duty to explain his decision so as to enable meaningful judicial review. *See Murphy*, 810 F.2d at 437. Although the ALJ is not required to explicitly consider the factors in 20 C.F.R. § 404.1527(c) when evaluating opinions from other sources, "[t]hese factors represent basic principles that apply to the consideration of all opinions." SSR 06-03p at *4.

Here, Plaintiff's wife and two sons each submitted a letter in support of his claim for disability. *See* R. 297-99. These letters recounted how members of his family help Plaintiff with daily tasks and attested to their observations of Plaintiff's difficulty doing things like standing, walking, and lifting. *See* R. 297-99. In reviewing these letters, the ALJ reasoned that Plaintiff's family members "are not medical professionals" and are therefore "not competent to make a diagnosis or argue the severity of [Plaintiff's] symptoms in relationship to [Plaintiff's] ability to work." R. 33. The ALJ went on to conclude the letters have "little evidentiary value" because they "only repeat the subjective complaints already testified to and reported by [Plaintiff]" and "the clinical or diagnostic medical evidence that is discussed more thoroughly herein does not support the statements." R. 33. While the ALJ is correct in stating that a lay witness's opinion cannot be relied upon for medical determinations, the Court agrees with Plaintiff insofar as it appears that the ALJ dismissed these letters under a misunderstanding of their evidentiary value. Namely, as previously stated, such non-medical opinions *can* in fact be used to evaluate the severity of Plaintiff's impairments and to determine how Plaintiff's impairments affect his functional abilities. SSR 06-03p. The ALJ's misunderstanding of this standard likely prejudiced

11

Plaintiff in the ultimate determination of this case. For example, the fact that the letters describe Plaintiff's condition similarly to Plaintiff's subjective statements could lend support to medical opinions like Dr. Robinson's opinion that Plaintiff "can't sit, stand or walk for prolonged periods, can't lift over 10 pounds." R. 796. The Court cannot engage in a reweighing of the evidence and must instead remand this matter back to the ALJ. *Hays*, 907 F.2d at 1456. Additionally, while inconsistency with the record as a whole is a factor by which an ALJ can assign less weight to an opinion, 20 C.F.R. § 404.1527(c)(4), the ALJ here provided little explanation for how he came to this determination. There are no citations to specific statements in the letters or to medical evidence in the record that supports this conclusory assertion. Accordingly, upon remand the ALJ is ordered to consider any relevant, non-medical opinions under the proper standard—that they may be used to evaluate severity and/or the impact of impairments. The ALJ is further ordered to provide an explanation for how, if at all, he used a non-medical opinion and cite with specificity to the record for support.

> C. ***Absent a complete record, the use of proper standards, and sufficiently detailed explanations, the Court is unable to address any additional issues Plaintiff has raised.***

Plaintiff raised several other issues concerning the ALJ's decision that the Court cannot entertain absent a complete record, the ALJ's application of proper standards for weighing the various medical and non-medical opinions, and sufficiently detailed explanations as to how the ALJ came to a conclusion that includes citations to evidence in the record. Specifically, Plaintiff raises the arguments that: (1) the ALJ erred in failing to find his major depression was a severe impairment, Pl.'s Mem. 17; (2) the ALJ's decision to only find Plaintiff has "mild limitations" in concentration, persistence, or pace was "complete error," Pl.'s Mem. 16, 19-21; (3) the limitations included in the RFC were insufficient as they should have accounted for moderate

limitations in concentration, persistence, or pace and they did not address any durational limitations Plaintiff might have, Pl.'s Mem. 16, 19-22; (4) the ALJ failed to provide sufficient analysis as to why Plaintiff could perform his past relevant work in light of inconsistencies between the *Dictionary of Occupational Titles* and Plaintiff's RFC, Pl.'s Mem 23-25; and, (5) the ALJ failed to base her decision on substantial evidence as she did not reference or cite over 200 pages of medical evidence, including that of Dr. Robinson, Plaintiff's treating physician, Pl.'s Mem. 12-13. Addressing each of these matters specifically would require the Court to engage in a seemingly endless series of hypotheticals that would not be a proper use of judicial economy. Accordingly, the matter is remanded without any decision on the merits of the remaining issues raised by Plaintiff.

### IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **REVERSES** the ALJ's decision, and **REMANDS** this matter for further proceedings in accordance with the instructions articulated in these findings and in this Court's prior rulings.

March 15, 2019 /s/
Charles B. Day
United States Magistrate Judge

CBD/clc